39 F.3d 1188
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Raymond C. STOKES, Plaintiff-Appellant,
v.
Ben FOSTER, Defendant-Appellee.
 No. 94-35439.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 17, 1994.*
Decided Oct. 31, 1994.
 
 Before: BROWNING, FARRIS and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Raymond C. Stokes, a Washington state prisoner, appeals pro se the district court's summary judgment for defendant, Washington state correctional officer Ben Foster, in Stokes' 42 U.S.C. Sec. 1983 action. Stokes alleged that Foster used excessive force against Stokes constituting cruel and unusual punishment. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 "A grant of summary judgment is reviewed de novo to determine, viewing the evidence in the light most favorable to the nonmoving party, whether there exist any genuine issues of material fact and whether the district court correctly applied the relevant substantive law." Nishimoto v. Federman-Bachrach & Assocs., 903 F.2d 709, 712 (9th Cir.1990). To defeat a summary judgment motion, the nonmoving party must come forward with evidence sufficient to establish the existence of any elements that are essential to that party's case, and for which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Summary judgment is not appropriate if a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "The party opposing summary judgment may not rest on conclusory allegations, but must set forth specific facts showing that there is a genuine issue for trial." Leer v. Murphy, 844 F.2d 628, 631 (9th Cir.1988).
 
 
 4
 In order to determine whether prison officials used excessive physical force in violation of the Eighth Amendment, the relevant inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 112 S.Ct. 995, 999 (1992). To decide whether the use of force was wanton and unnecessary, the court may examine the necessity of the force, the relationship between the need for force and the amount of force used, the threat reasonably perceived by the responsible official and any efforts made by the responsible official to temper the severity of a forceful response. Id. The case should go to a jury only if the evidence supports a reliable inference that the prison official wanted to inflict pain. Whitley v. Albers, 475 U.S. 312, 322 (1986).
 
 
 5
 Stokes contends that the district court erred by determining that Foster did not use excessive force constituting cruel and unusual punishment. This contention lacks merit.
 
 
 6
 Stokes has submitted no evidence that the force used against him was applied maliciously and sadistically for the purpose of causing harm. Hudson, 112 S.Ct. at 999. The record reflects that Stokes refused to obey an order that he should immediately return to his cell and that he also resisted orders to stand still while Foster attempted to handcuff him. Foster used force only as a result of this resistance and the force he used was an approved method to combat physical resistance. Finally, the record reflects that Stokes hit his head against a wall due to his resisting Foster's attempt to handcuff him and not due to an intentional act on Foster's part. Because Foster could only restore order by restraining and handcuffing Stokes, Stokes' claim of excessive force is deficient as he has failed to show a constitutional violation. See id.
 
 
 7
 Stokes also contends that the district court erred by failing to allow him to complete his discovery. This contention lacks merit.
 
 
 8
 The district court's denial of discovery is reviewed for abuse of discretion. Brae Transp., Inc. v. Coopers & Lybrand, 790 F.2d 1439, 1442-43 (9th Cir.1986). It is uncontested that Stokes brought his discovery request after Foster's summary judgment motion was filed and well beyond the discovery cutoff date. The district court may deny a discovery request if the movant failed to diligently pursue discovery before summary judgment. See Hawaii Carpenters' Trust Funds v. Henry, 906 F.2d 1349, 1352 (9th Cir.1990). Furthermore, Stokes' discovery request was inadequate because he failed to provide an affidavit that set forth the particular facts expected from his additional discovery. See Brae, 790 F.2d at 1443. Therefore, the district court did not abuse its discretion by denying Stokes' discovery request. See id. at 1442-43.
 
 
 9
 For these reasons, the district court properly granted summary judgment for Foster.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3